UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA KEIGNEY-RODRIGUEZ, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 1:17-cv-10501-ADB |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE d/b/a HARVARD UNIVERSITY HEALTH SERVICES, | * |
| Defendant. | * |

## MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

BURROUGHS, D.J.

Plaintiff Patricia Keigney-Rodriguez initiated this action against the President and Fellows of Harvard College, doing business as Harvard University Health and Human Services, alleging discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 ("ADA"). [ECF No. 1] ("Compl.").

**I.     BACKGROUND**

The following allegations, as set forth in the complaint, are taken as true for the purposes of the motion to dismiss. U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011).

Plaintiff was employed as an allergy nurse at Harvard University Health Services ("HUHS") from August 24, 2009 to March 15, 2016. Compl. ¶¶ 7, 38. In December 2012, Plaintiff advised HUHS that she needed to take time off from work due to her Adult Deficit Disorder, which had worsened around that time and affected her ability to concentrate at home and work due to debilitating panic attacks. Id. ¶¶ 10–11, 13–14. HUHS approved Plaintiff's request, and Plaintiff took three leaves of absence in total. Id. ¶¶ 16–17. After returning from

approved leave, Plaintiff claims that her supervisors targeted her with multiple disciplinary actions, that her performance evaluation was "negatively impacted," and that her supervisors issued an unjust verbal warning against her. Id. ¶¶ 19–20, 23. Additionally, Plaintiff asserts that her supervisors crafted new practices and procedures that changed her employment conditions to make satisfactory completion of duties virtually impossible. Id. ¶¶ 25–26. After she completed the HUHS reasonable accommodation form, Plaintiff says she was treated differently because she availed herself of accommodations made available to disabled individuals. Id. ¶¶ 24, 30.

Plaintiff alleges that she attempted to use HUHS's dispute resolution process during her employment at HUHS, but that it seemed designed to only protect HUHS. Id. ¶¶ 31–32. Additionally, Plaintiff asserts that she met with HUHS's Omnibus person, Lydia Cummings, on numerous occasions to discuss the ongoing issues with her supervisors. Id. ¶¶ 34–35. Ms. Cummings shared a book on workplace bullying with Plaintiff, and, according to Plaintiff, Ms. Cummings stated, "This is what is happening to you." Id. ¶¶ 36–37.

Plaintiff eventually signed a separation agreement[1] on February 25, 2016, and her employment with HUHS ended on March 15, 2016. Id. ¶ 38; [ECF No. 11 Ex. A ¶ 5] ("S.A."). The separation agreement, in relevant part, afforded Plaintiff "special benefits," such as a lump sum payment, outplacement services, and a letter of reference, and encouraged Plaintiff to seek the advice of an attorney before signing. S.A. ¶¶ 4, 6–7. In "exchange for the special benefits" Plaintiff "discharge[d] Harvard . . . from any and all claims . . . arising under . . . the Americans with Disabilities Act of 1990." Id. ¶ 8. Plaintiff contends that she had no options available when Defendant presented the separation agreement to her and that the separation agreement attempted

---

[1] Defendant appended a letter ("separation agreement") to its memorandum in support of its motion to dismiss. [ECF No. 11 Ex. A ¶ 5] ("SA"). Plaintiff signed the letter on February 25, 2016. The propriety of considering the document is in dispute, but the Court concludes that the document may be considered, *infra*.

2

to circumvent Defendant's obligation under the ADA to provide a reasonable accommodation. Compl. ¶¶ 39–41. Plaintiff does not allege that she did not receive the benefits of the agreement but instead contends that HUHS has never sufficiently addressed her ADA requests for accommodation and relief from retaliation. Id. ¶ 42.

Plaintiff claims she has exhausted the administrative remedies available to her. Id. ¶ 50. On March 24, 2017, Plaintiff filed the complaint in this action. Id.

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. Hutcheson, 647 F.3d at 383. Although detailed factual allegations are not required, a pleading must set forth "more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted). Further, the facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570). "[T]he court must determine whether the . . . factual content allows a reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal quotations and citation omitted).

## III. DISCUSSION

Defendant argues that the Complaint should be dismissed pursuant to Rule 12(b)(6) because (1) Plaintiff released her claims against Defendant, including all claims pled in the

Complaint, when she executed the separation agreement and release, and (2) Plaintiff ratified the separation agreement and release by accepting the benefits provided thereunder. [ECF No. 11]. Plaintiff contends that the separation agreement should be excluded from the Rule 12(b)(6) review because it is not central or integral to Plaintiff's claims of ADA violations and retaliation. [ECF No. 13]. The key question is whether this Court can properly consider the separation agreement and release in its determination on Defendant's Motion to Dismiss, and, if so, whether Plaintiff's claims are barred by the separation agreement.

### A.  Consideration of the Separation Agreement and Release

In general, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The courts, however, "have made narrow exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Hogan v. E. Enters./Bos. Gas, 165 F. Supp. 2d 55, 58 (D. Mass. 2001); see also Foley v. Wells Fargo Bank, 772 F.3d 63, 74 (1st Cir. 2014). "[W]hen 'a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged),' then the court can review it upon a motion to dismiss." Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 34 (1st Cir. 2001) (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998)). "Although 'there is no requirement that the pleader attach a copy of the writing on which his action or defense is based[,] . . . when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.'" Fudge v.

4

Penthouse Int'l, Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1327 at 489 (1969)).

Additionally, when a complaint fails to state a claim unless the defendant retains some measure of liability, dependent on an agreement, the district court can properly consider the agreement in evaluating a motion to dismiss. See Alt. Energy, 267 F.3d at 34 (holding that district court properly considered settlement agreement when ruling on motion to dismiss because existence of defendant's potential liability depended directly on whether claims had been released under settlement agreement and plaintiff did not dispute the settlement agreement's authenticity). Alternatively, Plaintiff asserts that the separation agreement may be relevant to an affirmative defense, but is not relevant to the Rule 12(b)(6) motion. [ECF No. 13]. The First Circuit has held, however, that "[i]n an appropriate case, an affirmative defense may be adjudicated on a motion to dismiss for failure to state a claim." In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003).

Plaintiff specifically references the separation agreement in four paragraphs of the complaint. Compl. ¶¶ 38–41. She initially challenges the relevancy of the separation agreement to her ADA claims, but also states that it "could, however, become relevant in the context of whether [Defendant] presented the agreement in an effort to avoid a continuing obligation to accommodate the plaintiff's known disability." [ECF No. 13]. Additionally, Plaintiff does not challenge the authenticity of the document. Id. at 2–3. Thus, similar to the situation in Hogan, because Plaintiff does not dispute the separation agreement's authenticity, explicitly mentions the separation agreement in the Complaint multiple times, and notes that the separation agreement may be relevant to her ADA claims, this Court can properly consider the separation agreement in making its decision on Defendant's Motion to Dismiss. See 165 F. Supp. 2d at 58

5

(holding that, although neither of the documents attached to defendants' motion to dismiss was submitted with the complaint, because both were specifically referenced in the complaint's text and were integral to the plaintiff's claims, the court may properly consider the documents on a motion to dismiss).

      **B.**      **Validity of the Separation Agreement's Release of ADA Claims**

Defendant also correctly argues that the release of the ADA claims in the separation agreement was valid. Releases of ADA claims are permissible because the ADA "clearly encourages private resolution of employment disputes." Rivera-Flores v. Bristol-Myers Squibb Caribbean, 112 F.3d 9, 12 (1st Cir. 1997). ADA claims are barred at the motion to dismiss stage if a release in an agreement is valid. Rivera-Olmo v. State Ins. Fund Corp. (SIFC), 250 F. App'x 365, 366 (1st Cir. 2007) (affirming the district court's decision that a plaintiff's ADA claims were barred at the motion to dismiss stage by a settlement agreement's general release of all ADA claims). A release in an agreement is valid when an employee knowingly and voluntarily consents to it. Id. at 367.

To determine if a release was made knowingly and voluntarily, courts evaluate six factors at the motion to dismiss stage: (1) whether the agreement was written clearly; (2) the employee's education and business sophistication; (3) the length of time afforded to the employee to consider the agreement; (4) whether the employee consulted an attorney or was encouraged or discouraged by the employer from doing so; (5) if the employee had any input in negotiating the terms of the agreement; and (6) whether the employer offered and the employee accepted consideration (i.e., severance pay, additional benefits). See O'Shea ex rel. O'Shea v. UPS Ret. Plan, 837 F.3d 67, 77 (1st Cir. 2016); Rivera-Flores, 112 F.3d at 12 n.4.

6

Plaintiff contends that "she was forced to sign a separation agreement," which suggests that Plaintiff's execution of the agreement was not voluntary. Compl. ¶¶ 38–39. She does not plead any additional facts, however, to indicate that the agreement was not signed knowingly and voluntarily. To the contrary, the separation agreement provided Plaintiff with "special benefits," such as a lump sum payment, access to outplacement services, and a letter of reference. SA ¶¶ 4, 6. Furthermore, Defendant encouraged Plaintiff to "carefully consider its terms, including the release of claims . . . and . . . to seek the advice of an attorney before signing" the agreement "[t]o be certain that this agreement will resolve any and all dissatisfactions that you might have and that are you signing this agreement knowingly and voluntarily." Id. ¶ 7. Lastly, Plaintiff had "21 days to consider the terms and conditions of [the] agreement, to consult with counsel of [her] choice, and to decide whether to enter into and sign [the] agreement." Id. ¶ 9. An examination of the relevant factors set forth in O'Shea supports the conclusion that the release was made knowingly and voluntarily: the release of claims was clear, Plaintiff was given 21 days to review the agreement, Plaintiff was encouraged to meet with counsel, and Plaintiff was paid consideration. See 837 F.3d at 77.

**C.    Plaintiff's Claims Are Barred by the Separation Agreement's Release**

Plaintiff brings two claims, both under the ADA. In Count I, Plaintiff alleges that Defendant violated the ADA by failing to accommodate her disability and by constructively discharging her from her employment. Compl. ¶ 52. In Count II, Plaintiff asserts that Defendant violated the ADA by retaliating against her for requesting and taking disability leave and by negatively altering the terms and conditions of her employment. Id. ¶ 54. Because Plaintiff agreed to release "any and all claims" against Defendant under the ADA from the beginning of time until the execution of the separation agreement, Counts I and II are barred by the separation

7

agreement. See Rivera-Olmo, 250 F. App'x at 366 (barring plaintiff from bringing ADA claims at motion to dismiss phase where plaintiff signed general release of ADA claims in settlement agreement).

Alternatively, even if the Court were to conclude that the release was not valid based on Plaintiff's allegation that "she was forced to sign [the] separation agreement," Compl. ¶ 38, Plaintiff's ADA claims would still be barred because her subsequent conduct ratified the agreement. If a release is induced by duress, it is voidable. S. Bay Bos. Mgmt. v. Unite Here, Local 26, 587 F.3d 35, 41 (1st Cir. 2009). A person claiming duress, however, may ratify an otherwise voidable release by her subsequent conduct. Deren v. Digital Equip. Corp., 61 F.3d 1, 3 (1st Cir. 1995). Thus, a plaintiff claiming duress must act promptly to repudiate the release or she will be deemed to have waived her right to do so. S. Bay Bos. Mgmt., 587 F.3d at 41. Additionally, a plaintiff may ratify an otherwise voidable release by accepting the benefits under the agreement. Id. A complaint may be properly dismissed if a plaintiff has waived her asserted claims through subsequent conduct. Deren, 61 F.3d at 3.

Plaintiff signed the separation agreement on February 25, 2016. S.A. at 45. Plaintiff filed her EEOC claim on November 28, 2016. Compl. ¶ 48. Plaintiff does not contest that she received the special benefits promised in the separation agreement. Similar to the plaintiff in Hartlage v. Town of Cohasset, 744 N.E.2d 683, 683 (Mass. Ct. App. 2001), Plaintiff here accepted the benefits under the agreement and then waited nine months before making her claim. See Hartlage, 744 N.E.2d at 683 ("By accepting the benefits of the release and waiting nine months before making her claim, [plaintiff] ratified the agreement."). Thus, Plaintiff ratified the agreement and waived her right to sue for the ADA claims released in the agreement. See Deren, 61 F.3d at 2 ("A contract signed under duress is voidable, but not automatically void. By

8

accepting the funds and failing to seek a remedy based on duress within a reasonable period of time . . . the plaintiffs forfeited any entitlement to relief on this basis." (quoting <u>Vasapolli v. Rostoff</u>, 39 F.3d 27, 35 n.5 (1st Cir. 1994))); <u>In re Bos. Shipyard Corp.</u>, 886 F.2d 451, 455 (1st Cir. 1989) (holding that "one seeking to repudiate an agreement allegedly entered into under duress must promptly complain of the circumstances under which the document was signed").

## IV. CONCLUSION

Accordingly, the Court hereby <u>GRANTS</u> Defendant's motion to dismiss [ECF No. 10].

**SO ORDERED.**

August 7, 2017 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE